```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF ARIZONA
```

Nathan Daniel Coccimiglio,        )
                                  )
            Petitioner,           )
                                  )
      v.                          )   CV 04-2706 PHX MHM (VAM)
                                  )
Charles DeRosa, Warden,           )   REPORT AND RECOMMENDATION
                                  )
            Respondent.           )

TO THE HONORABLE MARY H. MURGUIA, U.S. DISTRICT JUDGE.

Nathan Daniel Coccimiglio ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner presents one claim for relief in the petition. (Doc. 1 at p. 5). Respondent filed a response in opposition to the granting of habeas relief. (Doc. 8). Petitioner filed a reply to the response. (Doc. 9).

**BACKGROUND**

On December 12, 2001, petitioner was transferred to federal custody from state custody pursuant to a writ. (Doc. 3 at Exhibit 1). He was sentenced by the United States District Court in Utah to a prison term of 46 months on August 16, 2002 as a result of his convictions for possession of a firearm by a person using or addicted to a controlled substance, unlawful possession of an unregistered sawed-off shotgun and possession of stolen firearms. (Id.).

On August 20, 2002, petitioner was returned to state custody in Utah and was sentenced by the state court on September 4, 2002. The sentences for his state convictions were ordered to run concurrently with one another and "any other federal charges." (Doc. 3 at Exhibit 2).

On September 15, 2002, according to respondents, the U.S. Marshal's Service "mistakenly" brought petitioner to FCI Florence to begin his federal sentence. They note that petitioner should have remained in state custody in Utah "because he was initially arrested by [Utah] authorities which had never relinquished his custody ..." (Doc. 8 at pp. 2-3). Upon realizing their error in taking petitioner into federal custody, petitioner was returned to state custody on January 16, 2003, to complete his state sentence. (Doc. 3 at Exhibit 4).

On August 5, 2003, petitioner was paroled from state custody and picked up by the U.S. Marshal's Service on a federal detainer. (Doc. 3 at Exhibit 4). According to respondent, petitioner began receiving credit toward service of his federal sentence from that date. (Doc. 8, Exhibit B at pp. 2-3). However, this date does not appear on the Inmate History record. (Doc. 8 at Exhibit A). The Inmate History seems to indicate petitioner came into federal custody on October 7, 2003 and this date is also reflected on Doc. 8, Exhibit B at p. 1.

## DISCUSSION

In his habeas petition, petitioner raises the following claim:

Credit for time spent after sentencing has been denied

2

> in violation of my rights of Due Process of Law under the Fifth Amendment of the U.S. Constitution.

Petitioner further elaborated by stating:

> On November 3, 2001 I was charged with Utah state charges in Davis County, Utah.
> On December 12, 2001 I was arraigned in federal District Court on unrelated charges.
> On August 16, 2002 I was sentenced for the federal charges.
> On September 4, 2002 I was sentence[d] for the charges in the State of Utah, Davis County "concurrently with each and any other federal charges."
> On October 17, 2003 I was paroled from the state prison to the federal Bureau of Prisons.
> The federal Bureau of Prisons has refused to credit me with any federal time while I was serving my state sentence concurrently with my federal sentence.

(Doc. 1 at p. 5).

It is not in dispute that petitioner received no credit toward service of his federal sentence for any time spent in custody prior to August 5, 2003.[1]  Petitioner asserts that his right to Due Process of Law was violated when the Bureau of Prisons ("BOP") failed to give him credit for the time spent in state custody. Petitioner argued to the BOP that he was entitled to credit for two distinct time frames: (1) Dec. 12, 2001 to August 19, 2002 (from the time he first came into federal custody through sentencing and return to the state) and (2) January 25,

---

[1] Petitioner states that he was paroled from state custody on October 17, 2003.  (Doc. 1 at p. 5; Doc. 3 at p. 2).  Petitioner has presented Exhibit 9 to support this date as the date of his release from state custody.  Conversely, petitioner's Exhibit 4 attached to Doc. 3 shows that his date of computation to be August 5, 2003.  The October 17, 2003 date is also supported by Respondent's Exhibit A.  Therefore, it would appear that petitioner was given credit back to August 5, 2003.  However, respondent does not explain if this was for time spent in FCI Florence or some other time frame.  In short, the respondent's documents do not match up.

3

2003 through October 6, 2003 (from his return from FCI Florence to the date he was paroled from state custody). (Doc. 3 at Exhibits 3 and 5). In his habeas petition, petitioner argues he should receive credit for September 4, 2002 (state sentencing) to October 7, 2003 (date committed to BOP). (Doc. 3 at p. 8, lines 18-22). In short, petitioner now appears to have abandoned his claim to time spent in federal custody prior to his federal sentence.

In response, respondent argues that petitioner is not entitled to have time spent in state custody prior to August 5, 2003, credited toward service of his federal sentence. Respondent also asserts that any time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum (the period from December 12, 2001 through August 19, 2002) does not entitle petitioner to credit toward service of his federal sentence because a prisoner in federal custody under such circumstances is considered merely "on loan" to the federal authorities, and state jurisdiction over him still obtains. Because petitioner's state sentence was ordered to run concurrent with his federal sentence, petitioner presumably received credit toward his state sentence for all time spent in federal custody.

This court has jurisdiction to consider pre-sentence custody credit determinations by the BOP via a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992). Although such review is "very limited" it may review the BOP's computation of credit for time served and whether the BOP has erroneously interpreted a relevant statute.

4

Wilson, 503 U.S. at 335.

18 U.S.C. § 3585, cited prominently by both parties, states:

> **(a) Commencement of sentence.** - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980), the Ninth Circuit court held:

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction ... may elect under the doctrine of comity to relinquish it to another sovereign.

Here it is established by the record, and neither party disputes, that petitioner was first arrested on state charges. He was in state custody when he was transferred to federal custody on an ad prosequendum writ on unrelated federal charges. Under the doctrine enunciated in Warren, the state of Utah was the "sovereign" with "priority of jurisdiction." See Thomas v.

5

Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (holding that transfer pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not interrupt state jurisdiction over the prisoner, the prisoner is merely considered to be "on loan.").

Seen in this light, Utah had "priority" over petitioner for purposes of serving the state sentence. The mere fact that petitioner spent some time in federal custody prior to commencement of his federal sentence does not alter this fact. See Thomas, 923 F.2d at 1366-67. Thus, petitioner did not begin service of his federal sentence until he was received into federal custody after Utah paroled him upon completion of his state sentence. See 18 U.S.C. § 3585(a); see also Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992). In addition, the fact that the judge at petitioner's state sentencing may have directed that the state prison term run concurrently with the federal sentence has no bearing on when federal custody commences for purposes of determining the starting date of the federal sentence. See Del Guzzi, 980 F.2d at 1270 ("Although the state judge stated that Del Guzzi's [concurrent state] sentence 'may be served in the federal prison,' and 'recommended that he be transported on the first available transportation,' his authority was limited to sending Del Guzzi to state prison to serve his state sentence. Accordingly, his federal sentence did not begin until ... he was received at the federal prison [after release from state custody].").

Here, as noted by respondent, there is no evidence that the

state sentencing judge or Utah authorities even tried to have petitioner transferred to federal custody to serve his state sentence "concurrently" with the federal sentence. The plain language of 18 U.S.C. § 3585 states that a prisoner is not entitled to have any time spent in custody prior to commencement of his federal prison term credited toward service of the federal sentence if that time was "credited against another sentence."

Petitioner cites, prominently, the District Court case of Cozine v. Crabtree, 15 F.Supp.2d 997 (D.Ore. 1998), to support his claim. However, this case is distinguishable on the facts and law because in that case "the United States had primary jurisdiction over Cozine at the time sentence was imposed, with no other pending convictions or sentences to serve." Cozine, 15 F.Supp.2d at 1020. In the case at bar, state proceedings against petitioner commenced prior to federal proceedings (although petitioner was sentenced on the federal charges first). Thus, unlike the prisoner in Cozine, primary jurisdiction remained with the state of Utah and not the federal government up until petitioner was paroled from state custody. See Warren, 610 F.2d at 684-85.

All time spent by petitioner in custody prior to August 5, 2003, was credited toward service of his state sentence for crimes unrelated to the crimes for which he was sentenced under federal law. The BOP's refusal to credit such time toward service of his federal prison sentence was not contrary to law.

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus be denied.

7

1  This Report and Recommendation is not an order that is
2  immediately appealable to the Ninth Circuit Court of Appeals.
3  Any notice of appeal filed pursuant to Rule 4(a)(1), Federal
4  Rules of Appellate Procedure, should not be filed until entry of
5  the District Court's order and judgment.  The parties shall have
6  ten (10) days from the date of service of this Report and
7  Recommendation within which to file specific written objections.
8  Thereafter, the parties shall have ten (10) days within which to
9  file a response to the objections.  Failure to timely file
10 objections to any factual determinations of the Magistrate Judge
11 will be considered a waiver of a party's right to de novo
12 consideration of the factual issues and will constitute a waiver
13 of a party's right to appellate review of the findings of fact in
14 an order or judgment entered pursuant to the Magistrate Judge's
15 Report and Recommendation.
16      DATED this 27th day of October, 2005.

_____
Virginia A. Mathis
United States Magistrate Judge