1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Nathan Daniel Coccimiglio,            )    No. CIV 04-2706-PHX-MHM (VAM)
                                           )
10              Petitioner,                )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Charles DeRosa, Warden,               )
13                                         )
                Respondent.                )
14                                         )
                                           )
15   _____ )

16         Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

17   claiming a denial of his due process rights based upon the alleged mis-calculation by the

18   Bureau of Prisons ("BOP") of credit for time served on Petitioner's federal sentence.  (Dkt.#

19   1).  The matter was referred to Magistrate Judge Virginia A. Mathis who has issued a Report

20   and Recommendation that recommends that the Petition be denied. (Dkt.#7).  Petitioner has

21   not filed an objection to the Report and Recommendation.

22                            **STANDARD OF REVIEW**

23         The district court must review the Magistrate Judge's findings and recommendations

24   de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F.3d 1114,

25   1121 (9th Cir. 2003)(en banc).  See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall

26   make a de novo determination of those portions of the report or specified proposed findings

27   or recommendations to which objection is made").  "Failure to object to a magistrate judge's

28

1    recommendation waives all objections to the judge's findings of fact."  Jones v. Wood, 207

2    F.3d 557, 562 n.2 (9th Cir. 2000).

3                                              **DISCUSSION**

4         The Court has considered the pleadings and documents of record in this case.  On

5    December 12, 2001, Petitioner was transferred to federal custody from state custody pursuant

6    to a writ.  (Petitioner Memorandum of Law, Dkt.#3 at Exhibit 1).  On August 16, 2002

7    Petitioner was sentenced by the United States District Court in Utah to a term of 46 months

8    as a result of his conviction for possession of a firearm by a person using or addicted to a

9    controlled substance, unlawful possession of an unregistered sawed-off shotgun and

10   possession of stolen firearms.  (Id).  On August 20, 2002, Petitioner was returned to state

11   custody in Utah and was sentenced on September 4, 2002, with his sentences for his state

12   convictions to run concurrent and "any other federal charges." (Petitioner Memorandum of

13   Law, Dkt.#3 at Exhibit 2).  On September 15, 2002, Petitioner was "mistakenly" taken to a

14   federal correctional facility to begin his federal sentence.  (Respondent's Response, Dkt.#8

15   at pp. 2-3).[1]  Upon recognizing the error, Petitioner was returned to state custody on January

16   16, 2003 to complete his state sentence.  (Petitioner Memorandum of Law, Dkt.#3 at Exhibit

17   4).  On August 5, 2003 Petitioner was paroled from state custody and picked up by federal

18   authorities on a federal detainer.  (Id).  The Inmate History indicates that Petitioner came into

19   federal custody on October 7, 2003.  (Respondent's Response, Dkt.#8 at Exhibit B, p.1).

20        Petitioner claims that he is entitled to credit served on his federal sentence from

21   September 4, 2002 (state sentencing date) to October 7, 2003 (date committed to BOP).

22        The Magistrate Judge has recommended that Petitioner's claim based upon a denial of

23   his due process rights be denied as the BOP's calculation of time served is accurate.

24   Specifically, the fact that Petitioner spent some time in federal custody prior to

25   commencement of his federal sentence does not alter the fact that the state of Utah had

26   _____

27        [1]Respondent acknowledges that Petitioner was mistakenly taken to the federal facility.

28                                                  - 2 -

1 priority over Petitioner for purposes of his sentence. See Thomas v. Brewer, 923 F.2d 1361,

2 1366-67 (9th Cir. 1991) (holding that federal sentence does not commence during time

3 prisoner is a state prisoner but temporarily present in federal court; rather, in such

4 circumstance the prisoner it considered to be "on loan" to the federal authorities).   Thus,

5 Petitioner's federal sentence did not begin until he was received into federal custody after

6 being paroled on his state sentence.   See 18 U.S.C. § 3585(a).  As neither party has filed

7 objections to the Magistrate Judge's Report and Recommendation, it is adopted by the Court.

8        **Accordingly**,

9        **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and

10 Recommendation in its entirety as the Order of the Court. (Dkt.#10).

11        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied.

12 (Dkt.#1).

13        **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

14 accordingly.

15        DATED this 7th day of July, 2006.

16

17

18  _____

19                  Mary H. Murgula
                United States District Judge

20

21

22

23

24

25

26

27

28
                                    - 3 -